ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
SONIA SINGH (State Bar No. 311080)
*ssingh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EUI JOON PARK,<br><br>    Debtor. | Case No. 2:19-bk-22559-RK<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>YOUNG JOO PARK, aka SOPHIA PARK,<br><br>    Defendant. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFER; (2) FOR TURNOVER; AND (3) FOR DECLARATORY RELIEF**<br><br>Date:    SEE SUMMONS<br>Time:   SEE SUMMONS<br>Place:  Courtroom 1675<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

Plaintiff Brad D. Krasnoff, solely in his capacity as the Chapter 7 trustee ("Plaintiff" or the "Trustee") for the bankruptcy estate of Eui Joon Park (the "Debtor"), alleges as follows:

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding (this "Action") pursuant to 28 U.S.C. §§ 157 and 1334. This Action is commenced pursuant to 11 U.S.C. §§ 105(a), 541, 542, 544, 548 and 550 as well as other applicable law. This Action is a core proceeding under 28

1  U.S.C. § 157(b)(2)(A), (E), and (H). This Action arises in a case under Chapter 7 of title 11 of the
2  United States Code (the "Bankruptcy Code") entitled <u>In re Eui Joon Park</u>, which has been assigned
3  case number 2:19-bk-22559-RK and is pending in the United States Bankruptcy Court, Central
4  District of California, Los Angeles Division (this "Court"). Plaintiff consents to the entry in this
5  Action of final orders and judgment by this Court.

## THE PARTIES

2. Plaintiff brings this Action solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of Eui Joon Park.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Young Joo Park aka Sophia Park ("Defendant" or "Sophia") is an individual, who is the Debtor's ex-wife, residing in the County of Orange, State of California.

## GENERAL ALLEGATIONS

4. The Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 24, 2019 (the "Petition Date"). Brad D. Krasnoff thereafter accepted appointment as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of the estate and its creditors.

5. The Debtor's Schedule A/B, filed on the Petition Date, states that he had no legal or equitable interest in any real property as of the Petition Date.

6. The Debtor's Statement of Financial Affairs, filed on the Petition Date, states that on May 16, 2018 the Debtor transferred to Sophia real property commonly known as 8504 E. Heatherview Lane, Orange, California 92869 (the "Property").

7. Plaintiff is informed and believes, and based thereon alleges, that the Debtor and Sophia married as husband and wife on or about December 26, 1991.

8. On or about March 1, 2001, the Debtor and Sophia acquired the Property as "husband and wife as joint tenants" pursuant to instrument number 20010116743 recorded in the County of Orange Recorder's Office.

9. On August 3, 2012, a deed of trust was recorded against the Property and assigned instrument number 2012000444692 in the County of Orange Recorder's Office, securing a payment of the principal sum of $275,240.42, designating the lender as Wells Fargo Bank, N.A., and the borrowers as the Debtor and Sophia, husband and wife, joint tenants.

10. Plaintiff is informed and believes, and based thereon alleges, that the Debtor and Sophia separated as husband and wife in or around May 2016.

11. On October 19, 2016, the Debtor filed a petition for nullity of marriage against Sophia in the Superior Court of the County of Orange ("OCSC"), thereby commencing OCSC case number 16D008953 (the "Dissolution Proceeding").

12. Plaintiff is informed and believes, and based thereon alleges, that on or about November 7, 2016, Sophia filed her response in the Dissolution Proceeding, in which she requested dissolution of marriage. Thereafter, the Debtor and Sophia mutually agreed to request the OCSC for entry of judgment for dissolution of marriage.

13. On February 13, 2018, a deed of trust was recorded against the Property and assigned instrument number 2018000050035 in the County of Orange Recorder's Office, securing a payment of the principal sum of $64,000, designating the beneficiary as Jae H. Chong, and the trustor as the Debtor.

14. On or about April 6, 2018, the Debtor executed and recorded an interspousal transfer grant deed assigned instrument number 2018000123993 in the County of Orange Recorder's Office, purporting to transfer ownership of the Property from the Debtor, "husband of the grantee herein" to Sophia, "a married woman as her sole and separate property" (the "Subject Transfer").

15. On May 16, 2018, the OCSC entered a judgment of dissolution in the Dissolution Proceeding, and the Debtor and Sophia entered into a consensual stipulated judgment approved by the OCSC (the "Stipulated Judgment").

16. Pursuant to the Stipulated Judgment, the Debtor was awarded a leased vehicle, a life insurance policy under his name, and business(es) he may own or in which he may have any interest.

17. Pursuant to the Stipulated Judgment, Sophia was awarded the Property, a vehicle and a business known as "Newlands Dental Lab."

18. On September 26, 2018, U.S. Bank, N.A. filed suit against the Debtor in the OCSC, which was assigned case number 30-2018-01021516 (the "U.S. Bank Lawsuit").

19. The Debtor's Schedule E/F, filed on the Petition Date, lists "US Bank National Association" as a creditor with a total claim of $47,905.40, based on a "delinquent equipment lease" and the U.S. Bank Lawsuit.

20. Plaintiff is informed and believes, and based thereon alleges, that the debt giving rise to the U.S. Bank Lawsuit was incurred in 2017.

21. Plaintiff is informed and believes, and based thereon alleges, that a default judgment was entered in the U.S. Bank Lawsuit on or about January 29, 2019 against the Debtor.

22. Plaintiff is informed and believes, and based thereon alleges, that the current fair market value of the Property is not less than $780,000.00.

23. Plaintiff is informed and believes, and based thereon alleges, that Sophia is an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31).

24. Plaintiff is informed and believes, and based thereon alleges, that there are and, at all times relevant herein were, creditors of the Debtor holding unsecured claims that are allowable under 11 U.S.C. § 502, and not allowable only under 11 U.S.C. § 502(e), that could have avoided the Subject Transfer under California and other applicable law. Without limitation, the Subject Transfer could be avoided by U.S. Bank, N.A.

## FIRST CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer)

25. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

26. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Subject Transfer with the actual intent to hinder, delay, or defraud one or more of his creditors.

1574728.3 1922559A                                     4

27. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a)(1), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

28. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Property transferred by the Subject Transfer or the value thereof, in the sum of not less than $780,000.00, or according to proof, whatever is greater, plus interest thereon at the legal rate.

## SECOND CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer)

29. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

30. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfer.

31. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtor was engaged, or was about to engage, in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

32. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a)(2)(A), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

33. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Property transferred by the Subject Transfer or the value thereof, in the sum of not less than $780,000.00, or according to proof, whatever is greater, plus interest thereon at the legal rate.

## THIRD CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer)

34. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

35. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfer.

36. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as such debts matured.

37. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a)(2)(B), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

38. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Property transferred by the Subject Transfer or the value thereof, in the sum of not less than $780,000.00, or according to proof, whatever is greater, plus interest thereon at the legal rate.

## FOURTH CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer)

39. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

40. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfer.

41. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtor was insolvent or became insolvent as a result of the Subject Transfer.

42. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.05, and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

43. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Property transferred by the Subject Transfer or the value thereof, in the sum of not less than $780,000.00, or according to proof, whatever is greater, plus interest thereon at the legal rate.

## FIFTH CLAIM FOR RELIEF

(For Turnover)

44. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

45. The Property constitutes property that the Trustee may use, sell or lease under 11 U.S.C. § 363.

46. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by Sophia of the Property.

### SIXTH CLAIM FOR RELIEF

(For Declaratory Relief)

47. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive, hereof as though fully set forth herein.

48. An actual controversy exists in that the Plaintiff contends that the Property is community property of the Debtor and Sophia, such that pursuant to 11 U.S.C. § 541(a)(2) the entirety of the Property is property of the estate, while the Debtor and/or Sophia may assert that some or all of the Property is not community property and not property of the Debtor's estate.

49. Pursuant to 11 U.S.C. § 541(a)(2) and other applicable law, Plaintiff is entitled to a judgment determining that the entirety of the Property is community property and property of the Debtor's estate.

WHEREFORE, Plaintiff prays for judgment as follows:

ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF, AND EACH OF THEM:

1. For judgment in favor of Plaintiff and against Sophia avoiding the Subject Transfer;

2. Awarding in favor of Plaintiff and against Sophia the Property transferred by the Subject Transfer or the value thereof, in the sum of not less than $780,000.00, or according to proof, whatever is greater; and

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfer.

ON THE FIFTH CLAIM FOR RELIEF:

1. That the Court order Sophia to turn over the Property or the value thereof to the Trustee.

ON THE SIXTH CLAIM FOR RELIEF:

1. For a declaratory judgment that the Property is the community property of the Debtor and Sophia, and hence that the entirety of the Property is property of the estate pursuant to 11 U.S.C. § 541(a)(2).

ON EACH AND ALL OF THE CLAIMS FOR RELIEF:

1. For costs incurred; and
2. For such other relief as the Court deems just and proper.

DATED: February 4, 2020         DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____
SONIA SINGH
Attorneys for Brad D. Krasnoff,
Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>YOUNG JOO PARK, aka SOPHIA PARK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Danning Gill, Israel & Krasnoff, LLP<br>1900 Avenue of the Stars, 11th Fl., LOS ANGELES, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFER; (2) FOR TURNOVER; AND (3) FOR DECLARATORY RELIEF

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case    15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 780,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR EUI JOON PARK || BANKRUPTCY CASE NO. 2:19-bk-22559-RK |
| DISTRICT IN WHICH CASE IS PENDING CENTRAL || DIVISION OFFICE LOS ANGELES | NAME OF JUDGE ROBERT KWAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* |||
| DATE FEBRUARY 4, 2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) SONIA SINGH |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.